NO. 07-00-0351-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2000

______________________________

ADAM H. HERNANDEZ,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 183
RD
 DISTRICT COURT OF HARRIS COUNTY;

NO. 830976; HON. JOAN HUFFMAN, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Adam H. Hernandez was charged by indictment with possession with intent to manufacture or deliver a controlled substance.  Thereafter, he filed a motion to suppress the evidence which was denied by the trial court.  As a result of the trial court’s act, appellant, on April 28, 2000, pled guilty to the offense as charged and was sentenced to serve seven years in the Texas Department of Criminal Justice Institutional Division.  On the same day, and with permission of the trial court, appellant filed notice of appeal of the denial of his motion to suppress.  The clerk’s record was filed with the 14
th
 Court of Appeals on June 27, 2000 and, after the case was transferred to this Court by order of the Supreme Court, the reporter’s record was filed on July 27, 2000.  Accordingly, pursuant to Texas Rule of Appellate Procedure 38.6(a), appellant’s brief was due to be filed no later than August 28, 2000, but appellant failed to do so.  By letter dated September 12, 2000, this Court notified appellant’s counsel, Mr. John C. Connolly, of the defect and also directed that Mr. Connolly explain to this Court by September 22, 2000 why the brief was not filed.  To date, counsel has failed to respond to this Court’s inquiry or file a brief.

Therefore, we now abate this appeal and remand the cause to the 183
rd
 District Court of Harris County (trial court) for further proceedings pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal;

2.   whether appellant is indigent and entitled to appointed counsel;

3.   whether counsel for appellant has abandoned the appeal; and

4.    whether appellant has been denied effective assistance of counsel given his attorney’s failure to file a brief.  

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the removal of Mr. Connolly as counsel and the appointment of new counsel.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel.  Finally, the trial court shall execute findings of fact and conclusions of law addressing the aforementioned issues, and cause same to be included in a supplemental clerk’s record.  Finally, the trial court shall file the supplemental clerk’s record and the transcription of the hearing with the Clerk of this Court by October 30, 2000.  Should further time be needed by the trial court to perform these tasks, then same must be requested before October 30, 2000. 

It is so ordered.

Per Curiam

Do not publish.